1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GN TRADE, INC., a California
     Corporation, et al.

11
               Plaintiffs,              No. 2:11-cv-00994 KJN
12
          v.
13
     ANDREAS SIEMENS, et al.,
14
               Defendants.              ORDER
15   _____/

16          The undersigned previously granted Alla V. Vorobets' motion to withdraw as

17   counsel for plaintiffs GN Trade, Inc., Vladimir Demin, and Vladimir Shevchenko.[1]  (Order and

18   Order to Show Cause ("OSC"), Aug. 10, 2012, Dkt. No. 49.)

19          As explained in the undersigned's prior order, and as Ms. Vorobets previously

20   correctly advised her clients, plaintiff GN Trade, Inc. is a corporation that cannot appear in

21   federal court without an attorney.  (Id.; see Local Rule 183(a) ("A corporation or other entity may

22   appear only by an attorney"); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory

23   Council, 506 U.S. 194, 202 (1993); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d

24   _____

25          [1]  This action proceeds before the undersigned as a result of the parties' voluntary consent
     to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 38, 40).  See 28 U.S.C. § 636(c)(1);
26   Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

1

1  972, 973-74 (9th Cir. 2004); United States v. High Country Broad. Co., 3 F.3d 1244, 1245

2  (9th Cir. 1993) (per curiam).)  The undersigned previously granted GN Trade, Inc. 30 days to

3  retain counsel and notify the court of such retention.  (OSC, Dkt. No. 49 at 4.)  The undersigned

4  informed plaintiffs that if GN Trade, Inc. does not secure counsel within the time permitted, it

5  and its claims shall be dismissed.  (Id.)  Nevertheless, since that order GN Trade, Inc. has not

6  appeared through counsel, and the 30-day period has passed.  While plaintiff Vladimir

7  Shevchenko filed a written response to the OSC, he did not address GN Trade, Inc.'s lack of

8  counsel and did not describe efforts to obtain new counsel.  (Response to OSC, Dkt. No. 50.)

9  Accordingly, for the reasons stated in the OSC and pursuant to the authorities discussed therein,

10  the undersigned dismisses plaintiff GN Trade, Inc. from this action.

11          The undersigned also previously ordered plaintiffs Demin and Shevchenko to

12  show cause why this case should not be dismissed for failure to prosecute.  (OSC, Dkt. No. 49 at

13  3-4; Vorobets Decl. ¶ 5 ("Since late September, 2011, Plaintiffs have refused to expend time,

14  resources, and funds on discovery despite multiple requests from Counsel, thus causing the

15  litigation to come to a standstill.").)  Plaintiff Vladimir Shevchenko filed a written response to

16  the OSC, explained plaintiffs' "lack of money issue," expressed the desire to continue to pursue

17  this case on his own and without counsel, and requested that this case not be dismissed.

18  (Response to OSC, Dkt. No. 50.)  Accordingly, the OSC as to the individual plaintiffs is

19  discharged.

20          However, not withstanding their financial difficulties, plaintiffs remain obligated

21  to timely comply with the discovery rules, rules of litigation procedure, and this court's orders.

22  Plaintiffs shall review and comply with the undersigned's prior orders, the Eastern District Local

23  Rules and the Federal Rules of Civil Procedure notwithstanding their status as non-attorneys.

24  Litigants proceeding without counsel, also known as pro se litigants, are bound by the rules of

25  litigation procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Eastern District Local

26  Rule 183, governing persons appearing without counsel, provides that failures to comply with the

2

Federal Rules of Civil Procedure and the Local Rules may be grounds for dismissal or other

appropriate sanctions.  Similarly, Local Rule 110 provides that failure to comply with the Local

Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute

or Rule or within the inherent power of the Court."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

1995).  Plaintiffs are also directed to the Status (Pretrial Scheduling) Order that is operative in

this case, especially given that several key dates are rapidly approaching.  (Scheduling Order,

Dkt. No. 43.)

        Finally, the undersigned previously ordered plaintiffs to update the court regarding

the status of an ongoing state court action between the same parties in this case.  (Scheduling

Order, Dkt. No 43 at 2-4.)  In his Scheduling Order, the undersigned explained that:

> Based on the status reports and the parties' representations at the status conference, it appears that plaintiffs' counterclaims in the Superior Court case are substantially similar, if not identical, to those that they have affirmatively asserted in the action pending before this court [and] [b]ecause of the seemingly parallel actions, the court permissibly raised *sua sponte* the issue of a possible stay of this action pursuant to the so-called 'Colorado River Doctrine.' However, at the status conference, plaintiffs' counsel represented that plaintiffs would dismiss their counterclaims in the action proceeding in the Superior Court in order to avoid a stay of this action and allow this case to proceed in federal court . . . The Colorado River doctrine, a narrow doctrine announced in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), permits a federal court to stay or dismiss an action essentially on the grounds of wise judicial administration or efficiency.  See also R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011)").)

(Scheduling Order, Dkt. No 43 at 2-4.)  Pursuant to plaintiffs' filing on April 2, 2012 (Dkt. No.

46), plaintiffs' counsel represented that:

> Pursuant to the Court's February 17, 2012 order, Plaintiffs GN TRADE, INC. ("GN Trade"), VLADIMIR SHEVCHENKO ("Shevchenko"), and VLADIMIR DEMIN ("Demin") (collectively the "Plaintiffs"), through their attorney, hereby submit the following explanation regarding the status of their counterclaims in the Placer Superior Court action, Case #SCV 0026664: Pursuant to California Code of Civil Procedure §581, Defendants' consent to dismissal of the Plaintiffs' Cross-Complaint is required. Defendants have recently retained new counsel, Glenn W. Peterson

1  of Millstone Peterson & Watts, LLP. Plaintiffs' undersigned
2  counsel has been in communication with Defendants' new counsel
   regarding the pending Superior Court action, including the
3  dismissal of Plaintiffs' Cross-Complaint. Based on the latter
   communications, Plaintiffs' counsel believes the pendency of the
4  parties' Superior Court claims, either via dismissal or removal to
   federal court, will be resolved within several weeks from the date
5  of this Status Report.

6  (Pl.'s Status Report, April 2, 2012, Dkt. No. 46.)

7       It has now been far longer than "several weeks" since plaintiffs' filing regarding

8  the status of their counterclaims in state court action.  (Id.)  The status of those claims bears

9  directly on whether or not this case should be stayed until that action concludes, as described in

10  the Scheduling Order.  Accordingly, within 14 days of the entry of this order, plaintiffs **shall file**

11  a further update regarding the status of their counterclaims in the state court action in accordance

12  with the Order at Docket Number 43.  (Dkt. No. 43 at 2-4.)  Plaintiffs' failure to timely comply

13  with this order absent good cause may result in monetary or other sanctions, potentially including

14  dismissal of this action for failure to comply with court orders and/or failure to prosecute this

15  case.

16       For the foregoing reasons, IT IS HEREBY ORDERED that:

17       1.    Because plaintiff GN Trade, Inc. is a corporation that cannot represent itself

18  in federal court without an attorney, and because GN Trade, Inc. did not appear through counsel

19  within 30 days of the undersigned's prior order (OSC, Dkt. No. 49), GN Trade, Inc. is hereby

20  dismissed from this case.

21       2.    The Order to Show Cause (OSC, Dkt. No. 49 at 3-4) as to the individual

22  plaintiffs is discharged in light of plaintiff Vladimir Shevchenko's written response to the OSC

23  (Dkt. No. 50).

24       3.    Within 14 days of the entry of this order, plaintiffs shall file a further

25  update regarding the status of their counterclaims in the state court action in accordance with the

26  Order at Docket Number 43.  (Dkt. No. 43 at 2-4.)  ***Plaintiffs' failure to timely comply with this***

1    *order absent good cause may result in monetary or other sanctions, potentially including*

2    *dismissal of this action for failure to comply with court orders and/or failure to prosecute this*

3    *case.*

4            4.     The Clerk of Court is directed to mail a copy of this order on plaintiffs at

5    the following three addresses:

6

7            GN Trade, Inc.
            5051 College Oak Drive
            Sacramento, CA 95841

8

9            Vladimir Shevchenko
            3388 Central Avenue
            Roseville, CA 95747

10

11            Vladimir Demin
            7441 Thalia Court
            Citrus Heights, CA 95621

12

13            IT IS SO ORDERED.

DATED:  November 20, 2012

14

15

16                              KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26