1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VLADIMIR SHEVCHENKO, et al.

11          Plaintiffs,                    No. 2:11-cv-00994 KJN

12      v.

13   ANDREAS SIEMENS, et al.,

14          Defendants.               ORDER
                                    /
15   _____

16          The undersigned previously granted Alla V. Vorobets' motion to withdraw as

17   counsel for plaintiffs.[1]  (Order and Order to Show Cause ("OSC"), Aug. 10, 2012, Dkt. No. 49.)

18   On November 11, 2012, the undersigned dismissed GN Trade, Inc. from this action and ordered

19   plaintiffs Vladimir Demin and Vladimir Schevchenko, both proceeding without counsel, to

20   update the court regarding the status of their state court action.  (Order, Nov. 20, 2012, Dkt. No.

21   51.)

22          On December 4, 2012, plaintiff Shevchenko filed a "Response" informing the

23   court that on August, 30, 2012, plaintiffs filed a request to have their state court cross-complaint

24

_____

25        [1]  This action proceeds before the undersigned as a result of the parties' voluntary consent
     to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 38, 40).  See 28 U.S.C. § 636(c)(1);
26   Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

1

1    dismissed.   (Response, Dkt. No. 52 at 1-2.)  Based on this representation, the undersigned will

2    not stay this action at this time, and the action continues to proceed toward trial.

3               Plaintiff Shevchenko also urges the undersigned "not to dismiss this case, but to

4    allow Vladimir Shevchenko 'plaintiff' to represent him self In Pro Per, to start on discovery, and

5    to submit discovery in front of the Judge in time." (Id. at 2.)

6               First, the undersigned informs plaintiffs that discovery is to be exchanged with

7    opposing parties, see e.g. Fed. R. Civ. P. 26, 30-37, and is not typically to be "submitted" to the

8    court, unless it is as part of a discovery dispute or other appropriate motion.  See e.g., E. Dist.

9    Local Rule 251.

10              Second, the undersigned is somewhat surprised at plaintiff Schevchenko's recent

11   representation that he wishes to "start on discovery" now. (Response, Dkt. No. 52 at 2.)  The

12   operative Pretrial Scheduling Order states that the discovery completion date in this case is

13   January 4, 2013.  (Scheduling Order, Dkt. No. 43 at 5 ("All discovery shall be *completed* by

14   January 4, 2013.").)  That date is less than one month away.  Moreover, plaintiffs have had ample

15   notice of the discovery cutoff, especially given that the Scheduling Order was filed over ten

16   months ago.  Further, the undersigned previously directed the plaintiffs to review and comply

17   with the Pretrial Scheduling Order, specifically informing them that "several key dates are

18   rapidly approaching." (Order, Dkt. No. 51 at 2-3) (citing Scheduling Order, Dkt. No. 43).)

19              The parties have had ample time to conduct discovery in this action.  However, in

20   an abundance of caution given plaintiffs' pro se status, the undersigned *sua sponte* vacates the

21   discovery cutoff date of January 4, 2013, and extends the discovery deadline in this action by

22   thirty (30) days.  The discovery cutoff is now February 4, 2013.  Relatedly, all motions to compel

23   discovery must be noticed and must be heard no later than January 24, 2012.  All other dates in

24   the Pretrial Scheduling Order remain in effect.  Absent extraordinary circumstances, the

25   undersigned will not look favorably upon requests to further extend the discovery period.

26   ////

Plaintiffs should consider themselves on notice that they will be required to comply with these deadlines notwithstanding their status as pro se litigants.  As the undersigned has already informed plaintiffs, they remain obligated to timely comply with the discovery rules, rules of litigation procedure, and this court's orders.  (Order, Dkt. No. 51 at 2-3.)  Plaintiffs have the obligation to review and comply with the undersigned's prior orders, the Eastern District Local Rules and the Federal Rules of Civil Procedure notwithstanding their status as non-attorneys.  (Id.)  Litigants proceeding without counsel, also known as pro se litigants, are bound by the rules of litigation procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Eastern District Local Rule 183, governing persons appearing without counsel, provides that failures to comply with the Federal Rules of Civil Procedure and the Local Rules may be grounds for dismissal or other appropriate sanctions.  Similarly, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Plaintiffs are also reminded that a district court may impose sanctions, *including involuntary dismissal of plaintiffs' case* pursuant to Federal Rule of Civil Procedure 41(b), if plaintiffs fail to prosecute their case or fail to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d

1  829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control

2  their dockets and may impose sanctions including dismissal).  Plaintiffs are informed that a

3  failure to timely prosecute their case and/or comply with court orders, including but not limited

4  to the Pretrial Scheduling Order as amended herein, may result in dismissal of plaintiffs' case.

5         For the foregoing reasons, IT IS HEREBY ORDERED that:

6         1.    The undersigned amends the Pretrial Scheduling Order (Dkt. No. 43 at 5) *sua*

7  *sponte* as follows:

8              (a)    All discovery shall be *completed* **by February 4, 2013.**

9              (b)    Motions to compel discovery must be noticed on the undersigned's

10                    law and motion calendar in accordance with the court's Local

11                    Rules and must be *heard* **no later than January 24, 2013.**

12        2.  ***All other dates within the Pretrial Scheduling Order (Dkt. No. 43) remain in***

13  ***effect.***  Absent extraordinary circumstances, the undersigned will not look favorably upon

14  requests to further extend the discovery period or alter other dates set in that Order.

15      IT IS SO ORDERED.

16  DATED:  December 6, 2012

17

18                                        _____
                                          KENDALL J. NEWMAN

19                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26