IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR SHEVCHENKO, et al.

     Plaintiffs,                    No. 2:11-cv-00994 KJN

     v.

ANDREAS SIEMENS, et al.,

     Defendants.               ORDER

/

     Plaintiffs Vladimir Demin and Vladimir Schevchenko are proceeding without counsel in this action.[1] (Order, Nov. 20, 2012, Dkt. No. 51.)

     In response to a recent filing by plaintiff Schevchenko stating his desire to "start on discovery" now (Dkt. No. 52 at 2), the undersigned amended the Scheduling Order *sua sponte* in an abundance of caution given plaintiffs' pro se status. The former Pretrial Scheduling Order stated that the discovery "completion" date in this case was January 4, 2013. (Scheduling Order, Dkt. No. 43 at 5 ("All discovery shall be *completed* by January 4, 2013.").) On December 7, 2012, however, the undersigned issued an order (the "Order") vacating that discovery

---

[1] This action proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 38, 40). See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

1

1  "completion" date and extending it by thirty (30) days.  (See generally, Order, Dec. 7, 2012, Dkt.
2  No. 53.)  The undersigned thus extended the discovery "completion" date to February 4, 2013.
3  The undersigned also extended the related deadline for all motions to compel discovery to be
4  *heard*, making that deadline January 24, 2012.  (Id.)  In a nutshell, the updated discovery
5  deadlines were amended as follows:

6        (a)    All discovery shall be ***completed* by February 4, 2013.**
7        (b)    Motions to compel discovery must be noticed on the undersigned's law
8        and motion calendar in accordance with the court's Local Rules and must
9        be ***heard* no later than January 24, 2013.**

10  (Order, Dec. 7, 2012, Dkt. No. 53.)

11  On December 20, 2012, defendants filed a "Motion To Correct Clerical Error"
12  addressing the dates set out in the Order.  (Dkt. No. 54.)  In their motion, defendants express
13  some confusion regarding the undersigned's use of a two-step discovery deadline.  Defendants
14  suggest that a clerical error likely occurred, given that "At page 4, line 8, the Order provides that
15  discovery shall be completed by February 4, 2013.  At line 11, the Order then states that motions
16  to compel discovery must be heard no later than January 24, 2013, which is 11 days prior to the
17  close of discovery.  Accordingly, the latter date appears to be in error."  (Dkt. No. 54 at 1-2.)

18  The dates in the undersigned's order at Docket Number 53 are not the result of a
19  clerical error.  Instead, as explained in the original Scheduling Order (Dkt. No. 43 at 5), there are
20  two important dates governing discovery in this case: a discovery "completion" date, whereby all
21  written and other discovery must cease, and a separate date *prior to* that ultimate completion date
22  that serves as a cutoff for *hearing* any motions to compel discovery.  As explained in the original
23  Scheduling Order, "[t]he word 'completed' means that all discovery shall have been conducted
24  so that all depositions have been taken and any disputes relative to discovery shall have been
25  resolved by appropriate order if necessary and, where discovery has been ordered, the order has
26  been complied with.  Motions to compel discovery must be noticed on the undersigned's law and

2

motion calendar in accordance with the court's Local Rules and must be heard no later than" a specific date typically a few weeks prior to the completion date. (Dkt. No. 43 at 5.) To further clarify this timing for defendants, the undersigned typically sets an ultimate discovery "completion" date for shortly after a separate deadline by which the parties must have had their discovery motions *heard,* thereby providing a few days for the parties to comply with any orders granting discovery motions before the ultimate "completion" date passes.

Accordingly, defendants' Motion (Dkt. No. 54) is denied. As stated in the undersigned's prior order, the parties in this case shall file motions to compel discovery, if any, such that they will be *heard* on or before January 24, 2013. Orders resolving any such motions to compel must be *complied with*, and <u>all</u> *discovery must be completed*, by February 4, 2013. (Order, Dkt. No. 53.)

Finally, defendants express concern that plaintiffs will not likely participate in discovery, likely requiring defendants to file motion(s) to compel. (Dkt. No. 54 at 2.) Defendants thus ask that the discovery completion date be merged with the deadline for hearing motions to compel, such that one single discovery cutoff date be employed in this case. (Dkt. No. 54 at 1-2 ("[W]e respectfully ask that the court re-set that date to correlate with the close of discovery. Otherwise, we shall have no recourse for discovery disputes . . . ").) The request is denied for the reasons stated above. Defendants *do* have a recourse for discovery disputes: they may file their motions to compel, if any, and set them to be heard prior to January 24, 2013.[2] Thereafter, all parties must comply with any resulting court order(s) on or before the ultimate discovery "completion" date of February 4, 2013.

////

////

////

---

[2] E. Dist. Local Rule 251(a) (stating that motions to compel must be set for hearing on 21 days' notice, with a Joint Statement to be filed at least 7 days before the hearing date).

3

IT IS SO ORDERED.

DATED: December 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE