IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR SHEVCHENKO, et al.

        Plaintiffs,        No. 2:11-cv-00994 KJN

   v.

ANDREAS SIEMENS, et al.,

        Defendants.      ORDER
_____/

        The undersigned previously granted attorney Alla V. Vorobets' motion to withdraw as counsel for plaintiffs GN Trade, Inc. ("GN Trade"), Vladimir Demin ("Mr. Demin"), and Vladimir Shevchenko ("Mr. Shevchenko").[1] (Order and Order to Show Cause ("OSC"), Aug. 10, 2012, Dkt. No. 49.) Plaintiff GN Trade has since been dismissed from this action. (Order, Dkt. No. 51.)

        On January 9, 2013, one of the two remaining plaintiffs in this case, Mr. Shevchenko, filed a document entitled "Notice Of Dismissal By Plaintiff [FRCP Rule 41(a)]," which purported to voluntarily dismiss Mr. Shevchenko from this action without prejudice. (Dkt.

---

[1] This action proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 38, 40). See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

1

No. 57.) The filing comes just a few days before the deadline by which discovery motions must be heard in this case. (See Order, Dkt. No. 53 (amending Scheduling Order and stating discovery motion hearing deadline of January 24, 2013).) It is not clear whether the Notice of Dismissal (Dkt. No. 57) was intended to effectuate this entire case's dismissal or just Mr. Shevchenko's individual dismissal from this action. Somewhat oddly, Mr. Shevchenko's "Notice of Dismissal" is silent with respect to the other plaintiff in this case, Mr. Demin.

In any event, the Notice of Dismissal is defective. It does not effectuate Mr. Shevchenko's dismissal and does not effectuate dismissal of this case. Here, the operative pleading is plaintiffs' Complaint (Compl., Dkt. No. 2), and defendants have filed an answer to that pleading. (Answer, Dkt. No. 8.) Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed. See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008).

Mr. Shevchenko's "Notice of Dismissal" is defective because defendants had served an answer to plaintiffs' Complaint before Mr. Shevchenko filed his notice of dismissal. (See Answer, Dkt. No. 8.) Thus, in order for plaintiffs to dismiss their action without a court order, they must file a *stipulation of dismissal signed by all parties who have appeared*. Fed. R. Civ. P. 41(a)(1)(A)(ii). Absent such a stipulation, plaintiffs must obtain a "court order, on terms that the court considers proper," in order to effect the voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(2).

Accordingly, it is hereby ORDERED that:

1. Mr. Shevchenko's "Notice Of Dismissal By Plaintiff [FRCP Rule 41(a)]," (Dkt. No. 57) is defective and does not effectuate the dismissal of this action without prejudice, nor does it effectuate the dismissal of Mr. Shevchenko individually.

2. The undersigned construes the "Notice Of Dismissal By Plaintiff [FRCP Rule 41(a)]," (Dkt. No. 57) as a motion for voluntary dismissal. Accordingly, within fourteen (14) days of the date of this order, defendants shall file either: (1) a statement of non-opposition and joinder in Mr. Shevchenko's dismissal from this action without prejudice; (2) an opposition to Mr. Shevchenko's dismissal, which may alternatively request that the court consider imposing appropriate conditions on the dismissal sought by Mr. Shevchenko; or (3) a stipulation of dismissal of this entire case, signed by all appearing parties in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3. The court's docket does not reflect any filings by the other plaintiff in this case, Mr. Demin. It is unclear whether Mr. Demin is even aware of this case, let alone aware of his potential role as the action's sole plaintiff. Accordingly, within fourteen (14) days of the date of this order, Mr. Demin is hereby ordered to file his own Status Report clarifying whether he intends to proceed with this lawsuit in the event Mr. Shevchenko is ultimately dismissed from this case. If Mr. Demin fails to file his Status Report within the time permitted, the undersigned will construe this as Mr. Demin's *consent* to Mr. Shevchenko's dismissal from this action, and will issue a separate order requiring Mr. Demin to Show Cause why this entire action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and timely prosecute his case.[2]

---

[2] As the undersigned's prior order reminded plaintiffs (Order, Dkt. No. 53 at 3-4), Eastern District Local Rule 183, governing persons appearing without counsel, provides that failures to comply with the Federal Rules of Civil Procedure and the Local Rules may be grounds for dismissal or other appropriate sanctions. Similarly, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiffs are also reminded that a district court may impose sanctions, *including involuntary dismissal of plaintiffs' case* pursuant to Federal Rule of Civil Procedure 41(b), if plaintiffs fail to prosecute their case or fail to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of

4. Also, within fourteen (14) days of the date of this order, Mr. Shevchenko shall file his own Status Report updating the court as to his level of contact with Mr. Demin and his awareness, if any, as to whether Mr. Demin intends to continue pursuing this lawsuit in the event that Mr. Shevchenko is dismissed from it.

5. The Clerk of Court is directed to mail a copy of this order on plaintiffs at the following addresses:

Vladimir Shevchenko
3388 Central Avenue
Roseville, CA 95747

Vladimir Shevchenko
4554 Roseville Road, Suite D
North Highlands, CA 95660

Vladimir Demin
7441 Thalia Court
Citrus Heights, CA 95621

IT IS SO ORDERED.

DATED: January 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE

---

Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal). Plaintiffs are informed that a failure to timely prosecute their case and/or comply with court orders may result in dismissal of this case.

4