1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VLADIMIR SHEVCHENKO,
     et al.

11
                     Plaintiffs,              No. 2:11-cv-00994 KJN

12
            v.

13
     ANDREAS SIEMENS, et al.,

14
                     Defendants.              ORDER

15   _____/

16          In this action, one plaintiff seeks voluntary dismissal of this case without

17   prejudice, and the other plaintiff has not participated in the litigation, has not complied with court

18   orders, and has been silent in regards to dismissing this action.[1]  The defendant urges that the

19   entire action be dismissed with prejudice.  For the reasons described below, the undersigned

20   dismisses this action without prejudice as to plaintiff Vladimir Shevchenko pursuant to Federal

21   Rule of Civil Procedure 41(a)(2), with prejudice as to plaintiff Vladimir Demin pursuant to

22   Federal Rule of Civil Procedure 41(b), and directs the Clerk of the Court to close this case and

23   vacate all future dates.

24   _____

25          [1]  This action proceeds before the undersigned for all purposes, including trial, as a result of
     the parties' voluntary consent to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 38,
26   40).  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

                                         1

I.      BACKGROUND

The undersigned previously granted attorney Alla V. Vorobets' motion to withdraw as counsel for plaintiffs GN Trade, Inc. ("GN Trade"), Vladimir Demin ("Mr. Demin"), and Vladimir Shevchenko ("Mr. Shevchenko").  (Order and Order to Show Cause ("OSC"), Aug. 10, 2012, Dkt. No. 49.)  GN Trade has since been dismissed from this action. (Order, Dkt. No. 51.)

On January 9, 2013,  Mr. Shevchenko, one of the two remaining plaintiffs in this case, filed a document entitled "Notice Of Dismissal By Plaintiff [FRCP Rule 41(a)]," which purported to voluntarily dismiss Mr. Shevchenko from this action without prejudice.  (Dkt. No. 57.)  The filing came just a few days before the deadline by which discovery motions had to be heard in this case.  (See Order, Dkt. No. 53 (amending Scheduling Order and stating discovery motion hearing deadline of January 24, 2013).)  As the undersigned noted in his order of January 16, 2013, it is not clear whether the Notice of Dismissal (Dkt. No. 57) was intended to effectuate this entire case's dismissal or just Mr. Shevchenko's individual dismissal, given that Mr. Shevchenko's "Notice of Dismissal" is silent with respect to the other plaintiff in this case, Mr. Demin.  (Order, Jan. 16, 2013, Dkt. No. 58.)  For the reasons described in the undersigned's order, the "Notice of Dismissal" was defective and did not effectuate dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  (Id.)  The undersigned ordered each individual plaintiff to file a status report and ordered defendant to file briefing regarding plaintiff's request for dismissal by January 30, 2013.  (Id.)

Plaintiff Shevchenko timely filed a status report confirming his wish to have this matter dismissed and also confirming that he has had no recent contact with plaintiff Demin. (Dkt. No. 59.)  Mr. Shevchenko believes Mr. Demin has no intention to prosecute this case.  (Id.) Defendants timely filed an Opposition to plaintiff's motion for voluntary dismissal without prejudice, urging that this entire action be dismissed *with prejudice*.  (Opp'n, Dkt. No. 60.) Plaintiff Demin did not file a status report despite the undersigned's order requiring him to do so.

2

1   (Dkt. No. 58.)

2   II.   <u>DISCUSSION</u>

3       A.    *Voluntary Dismissal Of Plaintiff Shevchenko By Court Order Pursuant To*
4           *Federal Rule of Civil Procedure 41(a)(2)*

5         Federal Rule of Civil Procedure 41(a) provides that a plaintiff may dismiss an

6   action without a court order by filing a notice of dismissal before the opposing party serves either

7   an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, as discussed

8   in the undersigned's order of January 16, 2013, plaintiff filed his notice of dismissal after

9   defendant had already filed an answer, and plaintiff filed no stipulation of dismissal signed by all

10   appearing parties. (Answer, Dkt. No. 8.) Accordingly, plaintiff cannot be voluntarily dismissed

11   pursuant to the text of Rule 41(a)(1)(A). However, the undersigned construes plaintiff's filing

12   (Dkt. No. 57) as a request for voluntary dismissal by court order pursuant to Rule 41(a)(2), and

13   grants the motion.

14         Defendant argues that plaintiff Shevchenko's request for voluntary dismissal

15   should be granted, but that the dismissal should be "with prejudice." (Opp'n at 3.) Defendant

16   quotes Federal Rule of Civil Procedure 41(a)(1)(B) in support of this argument, arguing that

17   because plaintiff Shevchenko already dismissed a substantially similar state court action against

18   defendant, dismissal of this second federal action must be with prejudice and "on the merits."

19   (<u>Id.</u> ("if the plaintiff previously dismissed any federal-or state-court action based on or including

20   the same claim, a notice of dismissal operates as an adjudication on the merits.") (quoting Fed. R.

21   Civ. P. 41(a)(1)(B)).) This is often referred to as the "two dismissal" rule. <u>Commercial Space</u>

22   <u>Management Co. v. Boeing Co.</u>, 193 F.3d 1074, 1075 (9th Cir. 1999). Aside from this "two

23   dismissal" argument, defendant offered no other authorities or factual arguments in support of

24   dismissing Mr. Shevchenko from this case with prejudice. As described below, defendant's

25   argument is not well-taken.

26   *////*

3

1    Defendant's focus on Rule 41(a)(1)(B) is misplaced.  Although plaintiff

2 Shevchenko may have sought to dismiss his claims under Rule 41(a)(1)(A) "without prejudice,"

3 Mr. Shevchenko cannot be dismissed pursuant to Rule 41(a)(1)(A) because he did not obtain a

4 stipulation signed by all parties and because he did not seek dismissal before defendant filed an

5 answer.  Therefore, Mr. Shevchenko's voluntary dismissal from this action is *not* pursuant

6 "notice or stipulation" under Rule 41(a)(1)(B) — it is a voluntary dismissal "by court order"

7 under Rule 41(a)(2).  Because Rule 41(a)(1)(B) pertains only to dismissals pursuant to Rule

8 41(a)(1), it is inapposite here.[2]

9    Aside from defendant's "two dismissal" argument pursuant to Rule 41(a)(1)(B)

10 and rejected above, defendant has not provided the court with any other reasons, let alone reasons

11 that the "court considers proper," for the terms of the requested voluntary dismissal to be "with

12 prejudice."  Fed. R. Civ. P. 41(a)(2).  While the undersigned is somewhat troubled by plaintiff

13 Shevchenko's rather late efforts to extricate himself from this case on the eve of the discovery

14 cutoff, and while the undersigned would have considered this timing and any other facts relevant

15 to potential unfairness to the defendant, defendant neither raised the timing of plaintiff's request

16 nor any other equitable arguments in urging that Mr. Shevchenko's dismissal should be with

17 prejudice.  Accordingly, the undersigned grants Mr. Shevchenko's request for voluntary

18 dismissal (Dkt. No. 57) and dismisses him from this action by court order and without prejudice

19

20    [2]  Moreover, even if it applied to the circumstances presented in this particular case, which
it does not, determining the impact of a Rule 41(a)(1)(B) adjudication would be ripe upon the filing
of a potential *third* action.  See Commercial Space, 193 F.3d at 1080 ("We see no reason why the

21 interests of judicial economy are not well served by deferring resolution of the effect of prior
dismissals under the two dismissal rule to the third action, if and when one is filed that is based on

22 or includes the same claim.").  A plaintiff's labeling does not affect the determination of whether this
(second) dismissal acts as an adjudication on the merits.  See Fed. R. Civ. P. 41(a)(1)(B);

23 Commercial Space, 193 F.3d at 1076 (". . . it does not matter what label the plaintiff attaches to a
second voluntary dismissal.  Rather, Rule 41 itself prescribes the effect of [a second] Rule 41(a)(1)

24 dismissal[].");  Melamed v. Blue Cross, No. CV 11–4540 PSG (FFMx), 2012 WL 122828, at *3-4
(C.D. Cal. Jan. 13, 2012) (unpublished).  "Accordingly, whether the second voluntary dismissal is

25 subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the
merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one

26 is filed."  Commercial Space, 193 F.3d at 1076; accord Melamed, 2012 WL 122828 at *3-4.

1    pursuant to Rule 41(a)(2).

2        B.    *The Involuntary Dismissal Of Plaintiff Demin With Prejudice*

3             Defendant also urges that plaintiff Demin be dismissed from this action with

4    prejudice for failing to prosecute his case and failing to comply with court orders and the rules of

5    litigation procedure.  (Opp'n at 3-4.)  This argument is well-taken.

6             As the undersigned recognized in his order of January 16, 2013, Mr. Demin has

7    been notably absent from this action.  (Order, Dkt. No. 58.)  Mr. Demin failed to comply with the

8    undersigned's order to show cause issued on August 10, 2012.  (Dkt. No. 49.)  Mr. Demin failed

9    to obtain counsel on behalf of GN Trade, Inc., necessitating the dismissal of the corporation on

10   November 20, 2012.  (Dkt. No. 51.)  Defense counsel represents that Mr. Demin has failed to

11   respond to discovery and failed to appear for his duly noticed deposition.  (Declaration of

12   Stephen R. Hamilton ("Hamilton Decl."), Dkt. No. 61 ¶ 4.)  Mr. Shevchenko's most recent filing

13   indicates that he and Mr. Demin are no longer in contact and that Mr. Demin will likely no be

14   participating further in the case.  (Dkt. No. 59.)  Mr. Demin also failed to comply with the

15   undersigned's most recent order (Dkt. No. 58) requiring him to file a status report and state his

16   intentions regarding future prosecution of this action in the event Mr. Shevchenko is dismissed.

17            Within his prior orders, the undersigned has informed Mr. Demin of the

18   consequences of failing to comply with court orders and rules.  (Orders, Dkt. Nos. 53 at 3-4; 58

19   n.2.)  Specifically, the undersigned informed both plaintiffs that Eastern District Local Rule 183,

20   governing persons appearing without counsel, provides that failures to comply with the Federal

21   Rules of Civil Procedure and the Local Rules may be grounds for dismissal or other appropriate

22   sanctions.  Similarly, the undersigned has informed both plaintiffs that Local Rule 110 provides

23   that failure to comply with the Local Rules "may be grounds for imposition by the Court of any

24   and all sanctions authorized by statute or Rule or within the inherent power of the Court."

25   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Plaintiffs were also reminded that a district

26   court may impose sanctions, *including involuntary dismissal of plaintiffs' case* pursuant to

5

1   Federal Rule of Civil Procedure 41(b), if plaintiffs fail to prosecute their case or fail to comply

2   with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See

3   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte*

4   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

5   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to

6   Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply

7   with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53 ("Failure to follow

8   a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d

9   1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

10   may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing

11   Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts

12   have inherent power to control their dockets and may impose sanctions including dismissal).

13   Thus, plaintiff Demin has been previously informed in no uncertain terms that a failure to timely

14   prosecute this case and/or comply with court orders may result in dismissal of this case.  (Orders,

15   Dkt. Nos. 53 at 3-4; 58 n.2.)

16         The court has warned Mr. Demin that his failure to complete filings in compliance

17   with court orders might subject his case to dismissal for his failure to prosecute it, as well as for

18   his failure to comply with the Federal Rules of Civil Procedure, the court's orders, and the

19   court's Local Rules.  However, despite the court's multiple attempts to make Mr. Demin aware

20   of the need to timely respond to court orders, to date he still has not individually complied with a

21   single court order or procedural rule.  Mr. Demin failed to file any documents relating to the

22   potential dismissal of his co-plaintiff, Mr. Shevchenko, despite being given ample opportunity to

23   do so and explicit warnings that the failure to do so would result in the dismissal of his lawsuit.

24   Indeed, a review of the court's electronic docket confirms that plaintiff has not completed any

25   filings since he began representing himself.  Plaintiff Demin's repeated failures to comply with

26   the undersigned's orders is grounds for the involuntary dismissal of his suit.

1    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

2  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

3  failure to comply with the court's local rules, or failure to comply with the court's orders.[3]  See,

4  e.g., Chambers, 501 U.S. at 44 (recognizing that a court "may act *sua sponte* to dismiss a suit for

5  failure to prosecute"); Hells Canyon, 403 F.3d at 689 (recognizing that courts may dismiss an

6  action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

7  prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at

8  1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

9  action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,

10  642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

11  habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

12  See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

13  any order of the Court may be grounds for imposition by the Court of any and all sanctions

14  authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule

15  183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

16  Procedure, the court's Local Rules, and other applicable law may support, among other things,

17  dismissal of that party's action).

18    A court must weigh five factors in determining whether to dismiss a case for

19  failure to prosecute, failure to comply with a court order, or failure to comply with a district

20  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

21      (1) the public's interest in expeditious resolution of litigation;
        (2) the court's need to manage its docket; (3) the risk of prejudice
22      to the defendants; (4) the public policy favoring disposition of
        cases on their merits; and (5) the availability of less drastic
23      alternatives.

24  _____

25    [3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
    prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

1    Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali, 46 F.3d at 53.  The Ninth Circuit

2    Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before

3    the judge can do anything, but a way for a district judge to think about what to do."  In re

4    Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

5         Although involuntary dismissal can be a harsh remedy, the five relevant factors

6    weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

7    action.  Plaintiff Demin's failure to file a status report regarding his intention to continue as the

8    sole plaintiff in this action in the event of Mr. Shevchenko's dismissal, despite being warned of

9    the consequences for such failure, strongly suggests that Mr. Demin has abandoned this action or

10    is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983,

11    990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

12    dismissal.").  Moreover, Mr. Shevchenko has represented his belief that Mr. Demin does not

13    intend to prosecute this action, and counsel for defendant has declared that Mr. Demin has not

14    participated in discovery to date.  (Dkt. No. 59 (explaining that he has "no contact with Mr.

15    Demin" and stating "I don't think Mr. Demin will be responding to any of your requests, as I

16    don't think he has recourses or any desire to continue this case."); Hamilton Decl. ¶ 4 ("Mr.

17    Demin has failed to respond to . . . written discovery").)  Any further time spent by the court on

18    this case, which plaintiff Demin has demonstrated a lack of any serious intention to pursue, will

19    consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

20    1261 (recognizing that district courts have inherent power to manage their dockets without being

21    subject to noncompliant litigants).

22         In addition, the third factor, which considers prejudice to a defendant as a result of

23    a plaintiff's failure to timely oppose its motion to dismiss, should be given some weight.  See

24    Ferdik, 963 F.2d at 1262.  Plaintiff Demin's failure to communicate with the court or explain his

25    non-participation in this litigation — or his potential desire to continue as the sole plaintiff

26    following Mr. Shevchenko's dismissal from this case — raises the real possibility that the

1    defendant in this action may be forced to unnecessarily engage in further litigation against claims

2    that plaintiff Demin does not appear to value enough to pursue in a serious manner.  Indeed,

3    defendant has been diligently defending itself and timely complying with the undersigned's

4    orders, and plaintiff Demin's inaction has stalled this matter and prevented the efficient

5    resolution of this lawsuit.  This case is scheduled to go to trial in about three months, discovery is

6    closed, and Mr. Demin remains inactive and is apparently taking no steps to prosecute his case.

7    (Scheduling Order, Dkt. No. 43.)  Unreasonable delay is presumed to be prejudicial.  See, e.g., In

8    re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

9            The fifth factor, which considers the availability of less drastic measures, also

10   supports dismissal of this action.  As noted above, here the court has actually pursued remedies

11   that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833

12   F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district

13   court actually tries alternatives before employing the ultimate sanction of dismissal.").  The court

14   excused plaintiff Demin's initial failures to comply with court orders following the withdrawal of

15   his attorney, Ms. Vorobets, and tacitly permitted plaintiff Shevchenko to litigate the case on

16   behalf of both remaining plaintiffs.  Moreover, the court advised plaintiff Demin of the

17   requirement of litigating his case and complying with court orders and informed him of the

18   requirements of the Local Rules.  (Orders, Dkt. Nos. 53 at 3-4; 58 n.2.)  The undersigned advised

19   plaintiff Demin that he must comply with the court's Local Rules and the Federal Rules of Civil

20   Procedure despite his status as a litigant proceeding without counsel.  He also warned plaintiff

21   Demin that a failure to comply with the court's orders would result in dismissal of the case.

22   Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits

23   will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g.,

24   Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party

25   that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of

26   alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds

9

1   no suitable alternative to an involuntary dismissal of Mr. Demin.

2              The court also recognizes the importance of giving due weight to the fourth factor,

3   which addresses the public policy favoring disposition of cases on the merits.  However, for the

4   reasons set forth above, factors one, two, three, and five strongly support dismissal of this action,

5   and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four

6   factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez

7   v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).

8   Under the circumstances of this case, the other relevant factors outweigh the general public

9   policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

10             Accordingly, for the foregoing reasons, the undersigned dismisses plaintiff Demin

11   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

12             In light of the foregoing, IT IS HEREBY ORDERED that:

13             1.      The undersigned construes plaintiff Vladimir Shevchenko's "Notice Of

14   Dismissal By Plaintiff [FRCP Rule 41(a)]," (Dkt. No. 57) as a request for voluntary dismissal by

15   court order pursuant to Rule 41(a)(2), and grants the motion.  Mr. Shevchenko is hereby

16   dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure

17   41(a)(2).  The undersigned clarifies that such voluntary dismissal is not pursuant to Federal Rule

18   of Civil Procedure 41(a)(1)(A), given that Mr. Shevchenko did not file his request prior to the

19   filing of defendant's answer, and on grounds that Mr. Shevchenko did not file a stipulation

20   signed by all parties.  See Fed. R. Civ. P. 41(a)(1)(A).

21             2.      Plaintiff Vladimir Demin is involuntarily dismissed from this action, with

22   prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

23             3.      Given that this order dismisses the only two plaintiffs remaining in this

24   action, the Clerk of Court is directed to close this case and vacate all future dates.

25   ////

26   ////

10

1    4.    The Clerk of Court is directed to mail a copy of this order on plaintiffs at

2  the following addresses:

3        Vladimir Shevchenko
         3388 Central Avenue
4        Roseville, CA 95747

5        Vladimir Shevchenko
         4554 Roseville Road, Suite D
6        North Highlands, CA 95660

7        Vladimir Demin
         7441 Thalia Court
8        Citrus Heights, CA 95621

9        IT IS SO ORDERED.

10  DATED:  February 5, 2013

11

12                              _____
                                KENDALL J. NEWMAN
13                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26